UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELI LILLY AND COMPANY,

    Plaintiff,

v.                                              Case No.  8:24-cv-1488-TPB-SPF

PHTB LLC and PRECISION WEIGHT
LOSS CENTER, LLC,

    Defendants.
_____/

# ORDER

Before the Court is Plaintiff's Unopposed Motion for Order Authorizing Alternate Service of Process (Doc. 52).  Upon consideration, the Court finds that Plaintiff's Motion should be granted in part and denied in part.

## BACKGROUND

On October 4, 2024, Plaintiff filed its Amended Complaint for Trademark Infringement, False Advertising, False Designation of Origin, and Deceptive and Unfair Trade Practices, which added Precision Weight Loss Center, LLC ("PWLC") as a defendant (Doc. 32).  Since adding PWLC as a defendant, Plaintiff has made several attempts to serve PWLC to no avail.  As a result, Plaintiff now seeks authorization to serve PWLC by e-mail, as it appears to be evading service (Doc. 52).  Alternatively, Plaintiff requests to serve PWLC by serving the Secretary of State of Georgia (*Id.*).

## ANALYSIS

Federal Rule of Civil Procedure 4(h)(1)(A) permits service on "a domestic or foreign corporation, or a partnership or other unincorporated association . . . in the manner prescribed

by Rule 4(e)(1) for serving an individual," which includes "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Because PWLC is a Georgia limited liability company (Doc. 52-1), Plaintiff may serve PWLC pursuant to Georgia law or Florida law. Here, Plaintiff has expressed a desire to serve PWLC pursuant to Georgia law.

Georgia law allows service on a limited liability company to be accomplished by delivering a copy of the summons and complaint to "the president or other officer" of the company, "a managing agent thereof, or a registered agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of the [company] upon whom any process, notice, or demand may be served." O.C.G.A. § 9-11-4(e)(1)(A); *see also Williams v. Abebe Sandy Ventures, LLC*, 884 S.E.2d 576, 578 (Ga. App. 2023) (noting that O.C.G.A. § 9-11-4(e)(1)(A) applies to limited liability companies as well as corporations). Alternatively, Georgia law provides for service of process on a limited liability company's registered agent, and if "the agent cannot with reasonable diligence be served, the limited liability company may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the limited liability company at its principal office." O.C.G.A. § 14-11-1108(a). Service is perfected under this section at the earliest of: "(1) The date the limited liability company receives the mail; (2) The date shown on the return receipt, if signed on behalf of the limited liability company; or (3) Five days after its deposit in the mail, as evidenced by the post mark, if mailed postage prepaid and correctly addressed." *Id.* The methods of service outlined in the Civil Practice Act, O.C.G.A. § 9-11-1 *et seq.* and the Georgia Business Corporation Code, O.C.G.A. § 14-2-1 *et seq.* are discrete methods of

service and a plaintiff may serve a limited liability company by following either scheme. *Williams*, 884 S.E.2d at 579–80; *see also* O.C.G.A. § 9-11-4(j) ("The methods of service provided in this Code section are cumulative and may be utilized with, after, or independently of other methods of service. Whenever a statute provides for another method of service, service may be made under the circumstances and in the manner prescribed by the statute or under any other methods prescribed in this Code section."); O.C.G.A. § 14-11-1108(a) ("This subsection does not prescribe the only means, or necessarily the required means, of serving a limited liability company.").

Plaintiff first attempted to serve PWLC at 3755 Carmia Drive SW, Suite 970, Atlanta, Ga 30331. This is the address listed on the Georgia Secretary of State's website as PWLC's principal office and is also the address of its registered agent, Kelvin Brown (Doc. 52-1). Plaintiff was unable to complete service as both the building and suite were vacant. Plaintiff then attempted to serve PWLC at 3915 Cascade Road, Suite 110, Atlanta, Georgia 30331, and was unable to complete service as the unit was vacant. Plaintiff then attempted to serve PWLC at 6425 Power Ferry Road NW, Suite 198, Atlanta, GA 30331, the address listed on PWLC's website. Plaintiff's process server attempted service at this location on three separate days, and each day the doors were locked and the lights were turned off. Plaintiff also attempted service at 2751 Buford Highway NE, Suite 290, Atlanta, GA 30331, another address listed on PWLC's website, and was unable to complete service as the business was locked, the lights were turned off, and the doorbell did not function. Finally, Plaintiff attempted to locate the residence of Kelvin Brown, PWLC's registered agent, to complete service of process. The resident of the home stated that she was the ex-wife of Kelvin Brown,

3

and that he did not live there. As a result, Plaintiff was unable to complete service of process (*Id.*).

Given the unsuccessful attempts to serve PWLC, Plaintiff seeks leave to serve PWLC by electronic mail. In support of this request, Plaintiff cites to O.C.G.A. § 9-11-4(j), which provides for alternative service. The statute states:

> (j) Alternative service. The methods of service provided in this Code section are cumulative and may be utilized with, after, or independently of other methods of service. Whenever a statute provides for another method of service, service may be made under the circumstances and in the manner prescribed by the statute or under any other methods prescribed in this Code section. The provisions for service by publication provided in this Code section shall apply in any action or proceeding in which service by publication may be authorized by law; and, where by law special provision is made for service by publication, the procedure for such service by publication provided in this Code section may be utilized in lieu thereof. In all cases or special proceedings where the requirements or procedure for service, or both, are not prescribed by law and **in any situation where the provisions therefor are not clear or certain, the court may prescribe service according to the exigencies of each case, consistent with the Constitution**.

*Id.* (emphasis added). Plaintiff further argues that, as a constitutional matter, alternative service of process by e-mail is appropriate where that method is calculated to give notice to a defendant.[1] To that end, Plaintiff argues that email is appropriate here because PWLC operates primarily over the Internet, has a designated e-mail address for contact, and has already received e-mail communications from Plaintiff.

The Court finds that service of process by e-mail is not appropriate in these circumstances. While O.C.G.A. § 9-11-4(j) does permit a court to "prescribe service according to the exigencies of each case, consistent with the Constitution," a court may only

---

[1] Each of the cases cited by Plaintiff in support of this proposition deals with Federal Rule of Civil Procedure 4(f)(3), which permits service of process on individuals in foreign countries "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). As a result, the Court finds them inapplicable here.

4

do so in situations where the provisions for service of process are "not clear or certain." O.C.G.A. § 9-11-4(j). That is not the case here. Indeed, the Civil Practice Act specifically provides that when, *for any reason* service cannot be completed on a company's registered agent, "the Secretary of State shall be an agent of the [company] upon whom any process, notice, or demand may be served." O.C.G.A. § 9-11-4(e)(1)(A). Alternatively, the Georgia Business Corporation Code provides that when a company's registered agent cannot be served with reasonable diligence, a plaintiff may complete service by registered or certified mail or statutory overnight delivery. O.C.G.A. § 14-11-1108(a). Thus, there is no uncertainty as to how Plaintiff may serve PWLC.

Finally, Plaintiff alternatively requests leave to serve PWLC by serving the Secretary of State of Georgia. As discussed above, O.C.G.A. § 9-11-4(e)(1)(A) permits service on the Secretary of State when, for any reason, service cannot be completed on a limited liability company's registered agent. Here, Plaintiff has attempted to serve PWLC's registered agent at the address listed on the Georgia Secretary of State's website and at two addresses listed on PWLC's website. Plaintiff's process server made these attempts on different days, and each time the buildings appeared vacant. Plaintiff then attempted to serve PWLC at an address Plaintiff believed to be the residence of the registered agent, though this turned out not to be the case. Given these unsuccessful attempts, Plaintiff has shown that service cannot be completed on PWLC's registered agent, and as a result, Plaintiff is entitled to serve PWLC by serving the Secretary of State of Georgia.

Accordingly, it is **ORDERED:**

1. Plaintiff's Unopposed Motion for Order Authorizing Alternate Service of Process (Doc. 52) is GRANTED IN PART and DENIED IN PART.

5

2. Plaintiff may serve Defendant Precision Weight Loss Center, LLC by serving the Georgia Secretary of State pursuant to O.C.G.A. § 9-11-4(e)(1)(A).

**ORDERED** in Tampa, Florida, on December 19, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE