UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELI LILLY AND COMPANY,

    Plaintiff,

v.                                                              Case No. 8:24-cv-1488-TPB-SPF

PHTB LLC, *et al.*,

    Defendants.
_____/

**ORDER DENYING "DEFENDANT PHTB, LLC'S
MOTION TO DISMISS THE AMENDED COMPLAINT"**

This matter is before the Court upon "Defendant PHTB, LLC's Motion to Dismiss the Amended Complaint and Incorporated Memorandum in Support," filed by counsel on November 18, 2024. (Doc. 51). On December 9, 2024, Plaintiff Eli Lilly and Company filed a response in opposition. (Doc. 53). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**

Plaintiff Eli Lilly and Company is an American multinational pharmaceutical company that sells its products all over the world. For over 150 years, it has developed and delivered innovative medicines, including its proprietary Mounjaro and Zepbound, which are indicated for serious conditions afflicting tens of millions of Americans. To advance treatment of chronic conditions such as diabetes and obesity, Eli Lilly developed a brand-new class of GLP-1 (glucagon-like peptide-1) and GIP (glucose-dependent insulintropic polypeptide) dual-receptor antagonists, which

includes tirzepatide, the active ingredient in Mounjaro and Zepbound. Mounjaro and Zepbound are the only FDA-approved GLP-1/GIP medicines.

Defendant Precision Weight Loss Center, LLC ("PWLC") (a Georgia limited liability company) and Defendant PHTB LLC d/b/a Precision Health Tampa Bay ("PHTB") (a Florida limited liability company) sell competing "compounded" drug products that purport to contain tirzepatide but are not FDA-approved.

Plaintiff alleges that Defendants have infringed on the use of its marks on Defendants' website and social media posts by advertising, promoting, and marketing Defendants' compounded drugs purporting to contain tirzepatide. For instance, Plaintiff alleges that on the "Tirzepatide" subpage on the offending website, Defendants repeatedly refer to Mounjaro, including a prominent statement that "Tirzepatide's brand name is Mounjaro, and we offer it at Precision Health." Plaintiff asserts that this advertisement (and others) uses Lilly marks to promote Defendants' weight loss treatments and also falsely suggests that Defendants offer FDA-approved and clinically tested medicines.

On June 20, 2024, Plaintiff filed the instant lawsuit against PHTB, asserting claims for trademark infringement, false advertising, false designation of origin, and deceptive and unfair trade practices. On October 4, 2024, Plaintiff filed an amended complaint, adding PWLC as a defendant in addition to PHTB. PHTB has moved to dismiss the claims against it, asserting that it is not a proper defendant in this case.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R.

Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 41 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

In its motion to dismiss, PHTB argues that it is not a proper defendant in this case because PHTB does not own or control the website "precisionhealthandweightloss.com" or the social media handle "@precisionweightlosscenter," which Plaintiff claims published the alleged misrepresentations. In fact, PHTB argues that the advertisements at issue predate its corporate existence.[1]

---

[1] PHTB is a Florida limited liability company that was founded on February 4, 2024, by Tara Hbrobowski-Blackman and Tamika Hrobowski-Houston.

In the amended complaint, Plaintiff alleges that PHTB and PWLC, acting jointly, engaged in acts constituting trademark infringement and false advertising. As Judge Lazarra has pointed out, "a motion to dismiss should concern only the complaint's legal sufficiency" – it is not a procedure for resolving factual questions or addressing the merits of a case. *See Am. Int'l Specialty Lines Ins. Co.,* 2009 WL 10671157, at *2. A more developed factual record is necessary to ascertain what role, if any, PHTB had in the advertisements at issue, and the nature of the relationship between PHTB and PWLC. That being said, PHTB may certainly raise these and other issues at the summary judgment stage of the proceedings.[2]

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant PHTB, LLC's Motion to Dismiss the Amended Complaint and Incorporated Memorandum in Support" (Doc. 51) is **DENIED**.

2. PHTB is directed to file an answer on or before February 12, 2025.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of January, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court has denied the motion to dismiss, PHTB is not entitled to attorney's fees at this time. However, should PHTB ultimately prevail on Plaintiff's FDUTPA claim, PHTB may seek attorney's fees as the prevailing party. *See* § 501.2105(1), *F.S.*