UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELI LILLY AND COMPANY,

    Plaintiff,                                  Case No. 8:25-cv-1488-TPB-SPF

v.

PHTB LLC and PRECISION WEIGHT
LOSS CENTER, LLC,

    Defendants.
_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

This matter is before the Court on consideration of the report and recommendation of Sean P. Flynn, United States Magistrate Judge, entered on December 3, 2025. (Doc. 84). Judge Flynn recommends that "Plaintiff Eli Lilly and Company's Motion for Default Judgment" (Doc. 76) be granted. No party has objected, and the time to object has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed,

a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

Upon due consideration of the record, including Judge Flynn's well-reasoned report and recommendation, the Court adopts the report and recommendation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The report and recommendation (Doc. 84) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

(2) "Plaintiff Eli Lilly and Company's Motion for Default Judgment" (Doc. 76) is **GRANTED** as set forth in the report and recommendation.

(3) The Court finds that Plaintiff Eli Lilly is entitled to a default judgment as to liability against Defendant Precision.

(4) The Court finds that Eli Lilly is entitled to a permanent injunction enjoining Defendant Precision and its officers, agents, servants, employees, and attorneys and all persons acting in concert or participation with any of them, from:

> a. Using the Mounjaro Marks (No. 6,809,369 and No. 7,068,463) or any mark confusingly similar to them, in connection with the advertising, promoting, marketing, selling or offering for sale of

        any goods or services (including, but not limited to, compounded drugs) or otherwise engaging in any activity that is likely to cause confusion, cause mistake, or deceive or otherwise infringe any rights of Plaintiff Eli Lilly in the Mounjaro Marks or any similar mark;

        b. Falsely stating or suggesting that Precision's compounded drugs are genuine or generic versions of MOUNJARO® or ZEPBOUND®, that Precision is associated or connected in any way with Eli Lilly or its products;

        c. Engaging in any unfair competition with Eli Lilly; and

        d. Engaging in any deceptive or unfair acts.

(3)    The Court defers entering judgment on damages and directs Plaintiff Eli Lilly to submit supplemental briefing on damages on or before January 29, 2026.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>29th</u> day of December, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE